Opinion by KEEFE, J. At the trial Government counsel moved to dismiss the protest as untimely under the provision of section 514. Since the time within which protests may be filed after liquidation had expired, the court held it had no jurisdiction to determine the issue. The protest was therefore dismissed.

**No. 50478.**—Protests 8135–K/88815, etc., of American Express Co. et al. (Chicago, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50479.**—Protests 44214–K, etc., of Kaufmann Dept. Stores, Inc., et al. (Pittsburgh, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50480.**—Protests 52264–K/90126, etc., of Atlas Grocery Co. et al. (Chicago, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50481.**—Protests 75980–K, etc., of Arkwright Merchandise Corp. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50482.**—Protests 104166–K, etc., of Klingerit, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the

invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50483.**—Protest 94697–K of Oceanic Trading Co. (New York).

Opinion by EKWALL, J. The case was submitted upon the official papers. From the collector's memorandum it appeared that the duress certificate covering entry 813041 was filed subsequent to entry, and cited as the case pending on appeal to reappraisement "Entry No. 6523—San Francisco—Appeal No. 01482," whereas the correct entry number was 6532 and the appeal number 7232. Inasmuch as it has been held that duress certificates in order to be sufficient must be filed at the time of entry, the court found no error in the collector's finding in this case. (*Ono Trading Co.* v. *United States*, 23 C. C. P. A. 124, T. D. 47991, and *Sabine Transportation Co.* v. *United States*, 3 Cust. Ct. 286, C. D. 256, cited.) It was held that there was no proof that the mistake in the certificate filed was a clerical error. (*McQuillan* v. *United States*, 18 C. C. P. A. 215, T. D. 44401, cited.) The protest was therefore overruled.

**No. 50484.**—Protest 95462–K of Phillips Bros., Inc. (New York).

Opinion by EKWALL, J. At the trial illustrative samples of the merchandise together with other exhibits were introduced in evidence. The assistant United States appraiser, who had examined this shipment, testified that he advisorily classified the commodity as waste but that upon instructions from the Bureau of Customs recommended free entry as a crude metallic mineral susbtance. The chief chemist of the customs laboratory at New York testified that the commodity is a crude metallic mineral substance and that it contains metal as such. The court held that from the evidence it is clear that this commodity contained metal as such. (*Alpha Lux Co., Inc.* v. *United States*, 27 C. C. P. A. 162, C. A. D. 79, cited.) It was held that the term "crude" as used in tariff legislation is a relative term, its meaning depending on its use in the context. (*Fynaut & Popek* v. *United States*, 23 id. 265, T. D. 48112, *United States* v. *Nichols Copper Co.*, 29 C. C. P. A. 186, C. A. D. 190, and *United States* v. *United States Rubber Co.*, 30 id. 174, C. A. D. 269, cited.) Upon the record before us and following the authorities cited it was held that the instant commodity falls within the purview of paragraph 1664 and is entitled to free entry thereunder as a metallic mineral substance in a crude state.

SEPTEMBER 13, 1945

**No. 50485.**—SUIT 4514.——*United States* v. *Tower & Sons*. C. D. 919. Appeal dismissed August 9, 1945.